*311 OPINION.
Phillips :
The claim of petitioner that it falls within section 327 of the Revenue Act of 1918 and is entitled to a computation of its tax under section 328 is based on the ownership of two patents, *312 together with certain secret mechanical devices and processes used in the conduct of its business which it claims do not appear in its invested capital but which are responsible for part of its income, A balance sheet submitted in evidence shows that patents were carried at $10,294.10 as of January 1, 1920, and at $8,823.51 as of December 31, 1820. The difference of $1,470.59 must represent a reduction for exhaustion of such patents, as the testimony negatives the ownership of any other patents or the sale of any patents during the year. The life of a patent is 17 years. Multiplying the annual exhaustion by 17 we arrive at an original cost for these patents of $25,000. A similar mathematical computation will indicate that exhaustion began January 1, 1911, on a basis of a life of 17 years. One of the patents which petitioner claims was not included in invested capital was granted in 1909 and the other in January, 1911. Both were granted to the petitioner as assignee of the applications for patents, such applications having been filed by employees. The evidence leads to the conclusion that one or both of these patents were acquired at a cost of $25,000 and are carried on petitioner’s accounts at their depreciated cost. The further conclusion may properly be drawn that in computing income for the year in question a deduction was allowed for exhaustion of this cost.
The petitioner had also perfected an attachment which permitted the tympan to be lifted to normal working height and another which permitted metal eyelets to be attached at the time the tags were printed and cut. The testimony is that competitors had similar features on their machines but not designed the same as those of petitioner. It is very evident that the petitioner had devised a very efficient tag-printing machine and had installed attachments which permitted the tags to be patched, eyeletted and cut, and wire or string to be inserted, all as a part of the same series of operations. The testimony indicates that these devices were more efficient than those formerly employed by petitioner and, in some respects at least, more efficient than those employed by competitors. These improvements represented the work of employees, and, except to the extent of $25,000, no cost is reflected on the books of account. That without these devices the petitioner could not have prodxiced the volume of work done during 1920 is beyond question. But in determining the question of abnormality we are not to consider alone whether the devices used during the taxable year were more efficient than those used in past years. The industrial and mechanical arts are steadily improving and greater production is steadily being obtained. Increased mechanical perfection permitting greater production is not an abnormal situation. When these processes are so protected either by patent or as trade secrets, that they are available *313 only to tlie taxpayer and their use in the business produces an abnormality in capital or income that, without the benefit of section 328, would work upon the corporation an exceptional hardship in tax, as defined in section 327 of the Revenue Act, the taxpayer is entitled to the benefits of the section. Cushman Chuck Co., 8 B. T. A. 148; Viscose Co., 3 B. T. A. 444. But the mere presence of valuable processes is insufficient to establish an abnormality.
Here the improvements in the printing mechanism, which were probably responsible for much of the progress made by petitioner, were included in invested capital. The comparative value of the improvements which were not included is not shown, and it appears that competitors had other devices for performing some of the same services. The evidence does not indicate any unusual transaction which made the income of the petitioner for the taxable year abnormal, nor does it establish that assets owned by petitioner were excluded from invested capital to the extent which would lead to the belief that an exceptional hardship will result unless the taxpayer is given the benefits of. section 328.
Reviewed by the Board.

Decision will he entered for the respondent.